**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4423**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ERIC NATHANIEL SAMMONS,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge.  (1:17-cr-00087-RDB-1)

Submitted:  January 22, 2019                           Decided:  January 24, 2019

Before MOTZ, KEENAN, and FLOYD, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Jonathan A. Gladstone, Annapolis, Maryland, for Appellant.  Paul E. Budlow, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Nathaniel Sammons seeks to appeal his 35-year sentence, imposed pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement, for two counts of aiding and abetting the production of child pornography in violation of 18 U.S.C. §§ 2251(a), 2 (2012). Sammons' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Sammons' sentence is reasonable. Although Sammons was informed of his right to file a pro se supplemental brief, he has not done so. The Government has filed a motion to dismiss the appeal on the ground that this issue falls within the scope of Sammons' waiver of appellate rights in the plea agreement. We affirm in part and dismiss in part.

> We review the validity of an appellate waiver de novo. In making this assessment, we consider the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms. Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid.

*United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (citations and internal quotation marks omitted), *cert. denied*, __ S. Ct. __, No. 18-6304, 2018 WL 5017623 (U.S. Nov. 13, 2018).

We have reviewed the plea agreement and the transcript of the Rule 11 hearing and conclude that Sammons knowingly and voluntarily pled guilty and waived his right to appeal his sentence. Because his claim that his sentence is unreasonable falls within

the scope of the waiver, we grant the Government's motion and dismiss the appeal of the sentence.

Pursuant to *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal that fall outside the scope of the appeal waiver. We therefore affirm the remainder of the district court's judgment. This court requires that counsel inform Sammons, in writing, of the right to petition the Supreme Court of the United States for further review. If Sammons requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Sammons.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

3